**James L. LUTZ, Bernard Leininger, Plaintiffs,**

**v.**

**John P. LAVELLE, Richard W. Webb, Edward Lewis, Michael J. Svetik and Clair Borosch, Defendants.**

**No. 3: CV 91–0342.**

United States District Court, M.D. Pennsylvania.

Nov. 25, 1991.

James L. Lutz, pro se.

Bernard Leininger, pro se.

Howard M. Holmes, Supreme Court of PA, Administrative Office of PA Courts, Philadelphia, PA, for John P. Lavelle and Edward Lewis.

Margaret M. Yenkowski, James M. Sheehan, Goldberg, Katzman & Shipman, Harrisburg, PA, for Richard W. Webb.

Jay E. Mintzer, Edelstein, Mintzer, Diamond & Sarowitz, Philadelphia, PA, for Michael J. Svetik.

Aaron D. Parnes, Office of Atty. Gen., Litigation Section, Harrisburg, PA, for Clair Borosch.

## MEMORANDUM AND ORDER

CONABOY, Chief Judge.

On March 11, 1991, Plaintiffs filed the above-captioned civil rights action pursuant to 28 U.S.C. §§ 1331, 1343(3) and 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, alleging that the Defendants entered into an "unlawful conspiracy ... with the intention of creating the false and damaging appearance that Plaintiff Leininger had committed criminal acts." (Doc. No. 1, p. 8). At the time Plaintiffs filed their complaint, they named five Defendants, inter alia, The Honorable John P. Lavelle, President Judge of the Court of Common Pleas of Carbon County; Edward Lewis, District Justice for Magisterial District 56–3–01; Michael Svetik, Carbon County police officer; Clair Borosch, Pennsylvania State Trooper; and Richard Webb, District Attorney of Carbon County. By Order dated October 29, 1991, this Court dismissed Plaintiffs' complaint as to all of the Defendants except Defendant Webb.[1]

## BACKGROUND

Our Order dated October 29, 1991, contains a thorough review of both the procedural and factual backgrounds of this case. Accordingly we shall only briefly summarize those backgrounds at this time.

On May 23, 1990, a Pennsylvania Power and Light Company representative entered Plaintiff Leininger's property pursuant to a right-of-way agreement to read a meter located on Plaintiff Leininger's property. Plaintiff Leininger chased the meter reader off his property with a pitchfork and shat-

---

1. On May 24, 1991, Plaintiffs requested additional time to respond to Defendant Webb's motion to dismiss. This Court granted Plaintiffs' request by Order dated October 29, 1991, allowing Plaintiffs an additional fifteen (15) days to respond to said motion.

tered the windshield of the reader's vehicle. (Doc.No. 1, Exh. A1). Plaintiff Leininger was thereafter arrested on charges of simple assault, harassment, criminal mischief, resisting arrest, and felony aggravated assault. As a result of said acts, Plaintiff Leininger was imprisoned from June 7, 1990 to February 11, 1991. (Doc.No. 1, p. 9).

Plaintiffs assert that they entered into a "constitutional contract" on June 8, 1989, whereby Plaintiff Lutz would, in essence, represent Plaintiff Leininger's legal interests, notwithstanding the fact that Plaintiff Lutz is not authorized to practice law. (Doc. No. 1, Exh. E). On June 25, 1990, Plaintiff Lutz appeared before Defendant Lavelle to pursue a petition for a writ of habeas corpus on behalf of Plaintiff Leininger which Defendant Lavelle refused to entertain.

Currently pending before the Court are Defendant Webb's motion to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(6); Plaintiffs' motion for reconsideration of this Court's Order dated October 29, 1991; and Plaintiff Lutz's response to said October 29, 1991 Order as to why he should not be dismissed from the present action. After considering all of the above motions, we shall dismiss this case based on the reasons which follow.

## I

### JURISDICTIONAL BASIS OVER PLAINTIFF LUTZ

■ By Order dated October 29, 1991 the Court stated that it was unable to discern any jurisdictional basis over any of the claims presented by Plaintiff Lutz. Accordingly, Plaintiff Lutz was directed to show cause as to why he should not be dismissed from this case, which Plaintiff Lutz did on November 18, 1991. Because Plaintiff Lutz's response is completely without merit, Plaintiff Lutz is dismissed from the present suit.

Initially, the Court notes that the United States Constitution limits federal jurisdiction to review of "actual cases or controversies" in which the Plaintiff has a "a personal stake" in the litigation. U.S. Constitution Art III, § 2; *United States Parole Commission v. Geraghty*, 445 U.S. 388, 396–397, 100 S.Ct. 1202, 1208–09, 63 L.Ed.2d 479 (1980). This requirement assures that the "concrete adverseness which sharpens the presentation of issues upon which the Court so largely depends for illumination of difficult constitutional questions ..." is present. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). Further decisions of the Supreme Court make it clear that in addition to the "adversary interest" a party must also demonstrate some connection between the official action challenged and some *legally protected interest* of the party challenging that action. *Jenkins v. McKeithen*, 395 U.S. 411, 423, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969) (emphasis added).

■ Plaintiff Lutz contends that although he is not a lawyer he has a "federally protected right to utilize any state court, so as to make application for the writ of habeas corpus in aid of his friend, or pursuant to an obligation of a contract." (Doc. No. 40, p. 10). Plaintiff Lutz, however, has misconstrued the very nature of the constitutional provisions on which he relies.[2] It is a well established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in a federal court. *See People ex rel. Snead v. Kirkland*, 462 F.Supp. 914, 918 (E.D.Pa. 1978) and 28 U.S.C. § 1654. Therefore, Plaintiff Lutz does not have a "legally protected interest" in this case and as such he is dismissed as a party from the present action.

## II

### MOTION TO DISMISS BY DEFENDANT WEBB

On April 1, 1991, Defendant Webb filed a motion to dismiss Plaintiffs' complaint for

---

**2.** Plaintiff Lutz premises his alleged constitutional deprivations on the following United States constitutional provisions: Article I, § 10, cl. 1; Article I, § 9, cl. 2; Article VI, § 1, cl. 3; Article VI, § 1, cl. 2; and Article of Amendment 14, § 1. (Doc.No. 40, p. 7–8).

failure to state a claim upon which relief can be granted. The Plaintiffs responded to said motion on November 18, 1991.

Plaintiffs' complaint, in relevant part, consists of five counts against Defendant Webb which are as follows: Count 7—that Defendant Webb entered into an unlawful conspiracy with Defendants Lewis, Svetik, and Borosch evidenced by the fact that "in order for the presentation of criminal complaints to be set before an issuing authority, the same must receive, prior to presentation of such complaints to the issuing authority, the careful perusal of the attorney for the Commonwealth." (Doc. No. 1, ¶ 104). It is Plaintiff's contention that Defendant Webb "knew that the documents submitted to him were of a manifestly conflicting nature, and that they were absolutely insufficient legally and as a matter of law." (Doc. No. 1, ¶ 105); Count 8—that Defendant Webb violated Plaintiff's constitutional rights by refusing to reduce Plaintiff's bail. (Doc. No. 1, ¶ 112); Count 9— that Defendant Webb's actions in requesting the Court to order a mental evaluation of Plaintiff Leininger's competency to stand trial were part of a conspiracy "preconceived with an invidious animus," between Defendant Webb and Defendant Lavelle to prosecute Plaintiff Leininger. (Doc. No. 1, p. 28); Count 10—that Defendant Webb deliberately abused his power/authority by unlawfully combining with Defendant Lavelle to defeat the efforts of Plaintiff to gain his release from prison; and Count 11—that Defendant Webb conspired with Defendant Lavelle "to hold Plaintiff in the County Prison, until such time as the Plaintiff enlisted the representation of a Bar Member." (Doc. No. 1, ¶ 150).

Plaintiffs' contend that "the recent *Hafer* opinion absolutely precludes Defendant Webb from utilization of his Rule 12(b)(6) motion to dismiss the complaint concerning him, due to his alleged immunity, i.e., his stated absolute immunity." [3] (Doc. No. 40, p. 10). Plaintiffs, however, misinterpret the *Hafer* decision.

**3.** Although neither a citation nor a full case name accompanies Plaintiffs' references to the *Hafer* opinion, the Court assumes that the Plain-

## A. Liability Under § 1983.

42 U.S.C. § 1983 provides that "[e]very person" who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages. *Hafer v. Melo*, makes it clear that state officials sued in their individual capacities are to be considered "persons" subject to liability under § 1983. *Id.* —— U.S. at ——, 112 S.Ct. at 359. In order for liability to attach, however, a party must show that the state official acting under color of state law, caused the deprivation of a federal right. *Id.* —— U.S. at ——, 112 S.Ct. at 361. Plaintiff Leininger has failed to show how Defendant Webb, acting as the prosecutor for the commonwealth, deprived him of a federally protected right or how Defendant Webb in any way abused his position.

## B. Prosecutorial Immunity

The concept of immunity still exists in § 1983 suits and the *Hafer* opinion in no way abolishes it. Immunity from suit, as always, is predicated upon a considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it. *Imbler v. Pachtman*, 424 U.S. 409, 421, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). There is no doubt that prosecutors are entitled to some form of immunity from suit when acting within the scope of their official capacity. There is, however, some disagreement as to when a prosecutor is entitled to absolute immunity and when he is entitled to qualified immunity. The leading case on prosecutorial immunity is *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), where the Court employs a "functional approach" in addressing the issue of prosecutorial immunity. *See Rose v. Bartle*, 871 F.2d 331, 343 (3d Cir.1989). A review of the record in the instant case reveals that Defendant Webb is entitled to qualified immunity.

tiffs are referring to *Hafer v. Melo*, et al., —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

It is a well established principle that State officials sued pursuant to 42 U.S.C. § 1983 are entitled to qualified immunity from suits for damages. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Public officers require this protection to shield them from undue interference with their duties and from potentially disabling threats of liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). Specifically, "the public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages." *Imbler, supra*, 424 U.S. at 424–25, 96 S.Ct. at 992. "Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." *Id.* at 425, 96 S.Ct. at 992.

Qualified immunity can be defeated if an official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the Constitutional rights of the [Plaintiff], or if he took the action with the malicious intention to cause a deprivation of Constitutional rights or other injury...." *Harlow, supra*, 457 U.S. at 815, 102 S.Ct. at 2737.

All of the actions taken by Defendant Webb were in accordance with investigating and preparing the State's case. Taking each Count individually, it becomes apparent that Plaintiffs' case must be dismissed. The bare allegation in Count 7 that Defendant Webb knew that the documents submitted to him were of a manifestly conflicting nature and legally insufficient does not amount to a constitutional deprivation. Plaintiffs have not supported their conclusory allegation with any facts to show how Defendant knew that the documents were allegedly of a conflicting nature.

■ In relation to Counts 8 and 10, the Court notes that Defendant Webb, as a State Prosecutor, has no authority to reduce bail and has no power to release a party from prison. That authority lies with the sole discretion of the Court. Therefore Defendant Webb's failure to reduce bail and release Plaintiff from prison is not an abuse of his authority which violates a federally protected right.

As to Count 9, Defendant Webb did not abuse his authority by requesting a psychiatric evaluation of Plaintiff Leininger. Because Plaintiff Leininger refused to cooperate with both the prosecution and the defense, Defendant Webb's request for a mental evaluation of Plaintiff Leininger was reasonable.

Lastly, it is the Court's responsibility to appoint counsel to an individual who is in need of legal assistance. Therefore, Plaintiffs' allegation in Count 11 that Defendant Webb entered into a conspiracy to appoint standby counsel is completely without merit.

It is clear that all of the actions engaged in by Defendant Webb were part of his official prosecutorial position. Plaintiff has not demonstrated that Defendant Webb in any way abused his position, exceeded his authority, or acted with a malicious intent toward Plaintiff. As such, Defendant Webb is entitled to qualified immunity. Accordingly, Defendant Webb's motion to dismiss Plaintiffs' complaint is granted.

## III

### MOTION FOR RECONSIDERATION

On November 18, 1991 Plaintiffs filed a document entitled "Plaintiffs' response to Order dated October 29, 1991." This Court interprets this document to be a motion for reconsideration of this Court's Order dated October 29, 1991. For the reasons which follow, Plaintiffs' motion for reconsideration is denied.

Plaintiffs contend that "the fact that such Defendants have pled to the complaint, via a Rule 12(b)(6) motion, readily admits the substance of each and every allegation ..." (Doc.No. 39, p. 3). Plaintiffs, however, clearly misunderstand the nature of a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs

have unsuccessfully raised this assertion in their motion for reconsideration of this Court's May 10, 1991 Order. In fact, Plaintiffs entire motion for reconsideration consists of a rehashing of issues already considered by this Court.

Plaintiffs have failed to present any manifest errors of law or fact or to present any newly discovered evidence which, if discovered previously, might have affected the Court's decision. *See Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985); *Massachusetts Mutual Life Insurance Co. v. Maitland,* Civil No. 87–0827 (M.D.Pa. March 1, 1989) (Rambo, J.).

Accordingly, Plaintiffs' motion for reconsideration is denied.

### CONCLUSION

For the reasons discussed above Plaintiff Lutz is dismissed from the present action. Defendant Webb's motion to dismiss Plaintiffs' complaint is granted and Plaintiffs' motion for reconsideration of this Court's Order dated October 29, 1991, is denied. The Clerk of the Court is directed to close this case file.